IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| ROBBIE L. JOLY, an individual, and ALICE G. JOLY, an individual,<br><br>     Plaintiffs,<br><br>vs.<br><br>NATIONAL R.V., INC., a California corporation, LA MESA R.V. CENTER, INC., a California corporation, and WORKHORSE CUSTOM CHASSIS, LLC, an Illinois limited liability company,<br><br>     Defendants. | **MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**<br><br>Case No. 2:07-CV-522<br><br>Judge Dee Benson |

Before the Court is Plaintiffs' motion to remand this case to state court pursuant to 28 U.S.C. § 1447 on the grounds that the amount in controversy does not support federal diversity jurisdiction as required by 28 U.S.C. § 1332.

**Background**

In September 2004 Plaintiffs purchased a 2005 Dolphin LX 6375 motor home (the "RV") from La Mesa RV Center in Salt Lake County. Immediately thereafter Plaintiffs experienced significant problems with the RV, which they allege were the result of faulty manufacturing and faulty repair service by the Defendants. On November 15, 2004 – just three months after purchasing the RV – Plaintiffs demanded that Defendants La Mesa RV Center and/or National RV, Inc. repurchase the RV pursuant to the remedies provided in the Utah New Motor Vehicles

Warranties Act.  Utah Code Ann. § 13-20-1, et seq.  When Defendants denied this demand, Plaintiffs filed the present action in state court.

Plaintiffs' Complaint alleges causes of action based on breach of warranty, "Lemon Law" liability, and misrepresentation.  In their Prayer for Relief, Plaintiffs request: "1) ... an order requiring defendants to either replace the RV, or to refund the RV's purchase price, less a reasonable allowance for Plaintiffs' use; 2) for damages in an amount to be proven at trial, but not less than $50,000; 3) judgment for penalties; 4) interest as provided by law; 5) costs and attorneys' fees as provided by law; and 6) for such other relief as the Court deems just and proper."  Plaintiffs' Complaint, pg. 8, Dkt. No. 1.

On July 16, 2007, Defendants filed a Notice of Removal to remove this action from state to federal court under 28 U.S.C. § 1446.  In their Notice, Defendants assert that the Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because the parties exhibit diversity of citizenship and the amount in controversy exceeds $75,000.  To support their claim that the amount in controversy exceeds $75,000, Defendants essentially restate Plaintiffs' Prayer for Relief and conclude that "[t]hese damages are in excess of $75,000 exclusive of attorney's fees and costs."  Notice of Removal, pg. 2, Dkt. No. 1.  Plaintiffs argue that this general statement in Defendants' Notice of Removal is not enough to satisfy the "amount in controversy" requirement of § 1332 and, therefore, the case must be remanded to state court for lack of federal jurisdiction.

## Analysis

### I.      Governing Standard of the Tenth Circuit

When seeking to remove a case to federal court based on diversity jurisdiction, the removing party must show by a preponderance of evidence "that the requirements for the

exercise of diversity jurisdiction are present." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). This requires the removing party to affirmatively establish that the amount in controversy exceeds $75,000. *Id.*

Relying on *Martin v. Franklin Capital Corp.*, 251 F.3d 1290 (10th Cir. 2001), and *Laughlin v. KMART Corp.*, 50 F.3d 871 (10th Cir. 1995), Plaintiffs argue that in the Tenth Circuit the removing party must affirmatively establish the amount in controversy through either the allegations in the complaint, "or, where they are not dispositive," the allegations in the notice of removal. *Laughlin*, 50 F.3d at 873. In other words, Plaintiffs argue that "the Tenth Circuit does not allow consideration of post-removal evidence when determining jurisdiction." *Baldwin v. Fresenius Medical Care*, 2007 Dist. LEXIS 46018 at *3 (D. Utah, June 22, 2007). In response, Defendants National RV, Inc. and La Mesa RV Center, Inc. cite *Oklahoma Retail Grocers Ass'n v. Wal-Mart Stores, Inc.*, 605 F.2d 1155 (10th Cir. 1979) in support of their argument that the law in the Tenth Circuit is not so rigid. In *Oklahoma Retail Grocers Ass'n*, the Tenth Circuit looked to an affidavit filed by the defendant corporation to find that the amount in controversy requirement was met. *Id.* at 1159. Defendants argue, therefore, that under Tenth Circuit law a court may consider all relevant evidence in determining the amount in controversy.

After careful consideration of the parties briefs, oral argument, and the case law of the Tenth Circuit, the Court is satisfied that the standard articulated in *Martin* and *Laughlin* is the precedent this Court must follow. *Martin* and *Laughlin* both clearly articulate that when removing a case from state to federal court in the Tenth Circuit, the amount in controversy must be affirmatively established in the complaint and/or notice of removal. Although in *Oklahoma Retail Grocers Ass'n* the court looked to an affidavit to determine the amount in controversy, it

3

is not clear in that case whether the affidavit was filed with the notice of removal or at some other time.  The plain language of *Martin* and *Laughlin*, on the other hand, cannot be ignored.  Therefore, in accordance with *Martin* and *Laughlin*, and consistent with this District's recent opinion in *Baldwin v. Fresenius Medical Care*, 2007 Dist. LEXIS 46018 (D. Utah, June 22, 2007), the Court in this case will not consider anything beyond the Complaint and the Notice of Removal in determining jurisdiction.

## II.    Applying the Governing Standard to the Present Case

Examining the Complaint and Notice of Removal in this case, Defendants have not met their burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Plaintiffs' Complaint presents four causes of action.  For three of the causes of action (Breach of Express Warranty, Breach of Implied Warranty, and Misrepresentation), Plaintiffs seek damages "to be determined at trial, but not less than $50,000."  Complaint ¶¶ 31, 35, 50.  For the fourth cause of action (Lemon Law liability), Plaintiffs' remedy is provided for by Utah statute, which is to replace the RV or to accept the return of the RV and refund Plaintiffs the purchase price.  Utah Code Ann. § 13-20-4(1).  These remedies are disjunctive.  Recovering the purchase price or a replacement vehicle in addition to money damages would result in duplicative damages and is not allowed.  Therefore, because Plaintiffs can only rely on one of these remedies, the Complaint does not affirmatively establish that the amount in controversy exceeds $75,000.

Defendants' Notice of Removal merely parrots what is in the Plaintiffs' Complaint.  There is nothing in the Notice of Removal that provides the Court with underlying facts to support jurisdiction, nor is there anything attached to the Notice to support jurisdiction.

Defendants could have attached to their Notice an affidavit regarding the cost of replacing the RV, the likely cost of attorneys' fees, or other costs the lawsuit would impose on them. Instead of presenting such evidence, however, Defendants simply make a general statement that the amount in controversy exceeds $75,000. This is not sufficient under *Martin* and *Laughlin* to meet their burden of affirmatively establishing in their Notice of Removal the jurisdictional amount.

Even if the Court were to accept the additional evidence presented by Defendants in their post-removal briefs, the Court nonetheless finds that there is insufficient evidence to conclude that the amount in controversy exceeds $75,000. Defendants have made no effort to educate the Court on the amounts at issue in this case. Rather, they have simply made general statements such as: "the costs to the RV Defendants of having to accept the return of an allegedly defective RV is high," *see* National RV Inc.'s and La Mesa RV Center, Inc.'s Memo In Opposition, pg. 5 n. 3; and "[i]t is reasonable to assume that Plaintiffs' attorneys [sic] fees in litigating a product defects case will be more than $25,000, *Id.* at 6. Again, Defendants have not provided the Court with underlying facts, affidavits, or any other information to support these allegations. Such unsubstantiated conclusory allegations are not enough to affirmatively establish that the amount in controversy exceeds $75,000. Therefore, even taking into consideration all relevant evidence before the Court, Defendants have failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000.

**Conclusion**

Because Defendants have not met their burden of establishing that the requirements for the exercise of diversity jurisdiction are present, this case must be remanded to state court. Accordingly, Plaintiffs' Motion is GRANTED.

IT IS SO ORDERED.

DATED this 10th day of December, 2007.

BY THE COURT:

_____

DEE BENSON
United States District Judge